UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DWAYNE LINTON,

    Plaintiff,

v.                                Case No.:  2:24-cv-356-SPC-KCD

AIR PROS WEST, LLC,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Air Pros West, LLC's motion to compel discovery responses from Plaintiff Dwayne Linton. (Doc. 42.) Linton has not responded and the time to do so passed, so the Court treats the motion as unopposed. *See* Local Rule 3.01(c).

Air Pros served discovery on Linton (Doc. 42-2), and his answers were due by September 20 (Doc. 42-1). Neither responses nor objections were received from Linton. The Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

Air Pros attempted to confer with Linton's counsel in a good faith effort to resolve this dispute to no avail. (Doc. 42 at 4.) And now Linton failed to respond to the motion, thereby waiving any objections. *See Siddiq v. Saudi*

*Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011). Having received no response in opposition, the Court grants the motion to compel. (Doc. 42.) Within 10 days of this order, Linton must serve full and complete responses to the outstanding discovery requests.

Air Pros also asks for "an award of attorney's fees associated [with] the preparation and filing of this motion." (Doc. 42 at 4.) If a motion to compel is granted, "the court must . . . require the party [whose] conduct necessitated the motion" to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(a)(5)(A). These sanctions are self-executing. The court *must* award expenses when a motion to compel prevails. *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt sanctions are appropriate here. Linton did not provide the discovery and is now being compelled to do so. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P.

37(a)(5)(A), (b)(2)(C). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Linton has not carried his burden. Indeed, he offers no opposition to the motion. That ends the matter—the Court "must order [him] to pay the reasonable expenses, including attorney's fees, caused by the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Accordingly, it is **ORDERED**:

1. Defendant Air Pros West, LLC's motion to compel (Doc. 42) is **GRANTED**.

2. Within 10 days of this order, Plaintiff Dwayne Linton must answer the outstanding discovery.

3. Within fourteen days of this order, the parties must also meet and confer about the expenses Air Pros reasonably incurred in making the motion. If the parties cannot agree on a fee award, Air Pros must submit a motion, which includes necessary supporting documents detailing its reasonable expenses, if it wishes to pursue such relief.

**ENTERED** in Fort Myers, Florida on October 16, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record